**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WAYNE BARKSDALE,

                        Plaintiff,

       - v -                                    Civ. No. 9:15-CV-0560
                                                              (LEK/DJS)

ANTHONY J. ANNUCCI, *et al.*,

                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

WAYNE BARKSDALE
Plaintiff, *Pro Se*
05-R-3806
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

HON. ERIC T. SCHNEIDERMAN                JOSHUA L. FARRELL, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On May 6, 2015, *pro se* Plaintiff Wayne Barksdale commenced this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Dkt. No. 1, Compl. Presently before the Court is Defendants' Motion for Summary Judgment based on the ground that Plaintiff failed to properly exhaust his administrative remedies prior to filing this action. Dkt. No. 18, Defs.' Mot. for Summ. J. Plaintiff has opposed the Motion and Defendants filed a Reply. Dkt. Nos. 27, Pl.'s Resp.; 29, Defs.' Reply.

For the reasons that follow, the Court recommends that Defendants' Motion for Summary Judgment be **granted**.

## I. BACKGROUND

Plaintiff's claims arise from his confinement at Coxsackie Correctional Facility ("Coxsackie") in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Compl. at ¶ 3. As alleged in Plaintiff's Complaint, on or about May 24, 2014, Plaintiff was confined at Greene Correctional Facility when he experienced back pain. *Id.* at ¶ 12. Plaintiff was seen at the facility infirmary, where he was given pain medication that caused him to become sick and collapse. *Id.* Plaintiff was then transferred to Coxsackie. *Id.*

At Coxsackie, corrections staff accused Plaintiff of fabricating his symptoms. *Id.* Plaintiff was seen by Defendants B. Morano and Billie Bergman, both nurses, who also believed that Plaintiff was fabricating his symptoms and was suffering from mental health issues. *Id.* at ¶¶ 17-18. Plaintiff was first examined by Defendant Dr. Jon Miller on June 2, 2014. *Id.* at ¶ 16. On June 5, 2014, Plaintiff was again admitted to the infirmary. *Id.* at ¶ 7. Dr. Miller diagnosed Plaintiff with a brain leison and he was sent to Albany Medical Center Hospital in a wheelchair and a van. *Id.* at ¶¶ 7 & 16. At Albany Medical Center, Plaintiff was diagnosed with septicemia and underwent surgery. *Id.* at ¶¶ 7 & 14. Plaintiff claims that if he had been properly diagnosed and if Defendants had not delayed sending him to Albany Medical Center, he would not have required surgery and could have been treated with antibiotics. *Id.* at ¶ 14.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs.,*

*Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Exhaustion

Defendants argue that this action must be dismissed because Plaintiff has failed to exhaust his administrative remedies. Dkt. No. 18-6, Defs.' Mem. of Law.

*1. Exhaustion Procedure*

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, __ S. Ct. __, 2016 WL 3128839, at *5 (2016) (stating that mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93

(2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).[1]

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). In addition, an inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaints and then issues a written determination. *Id.* Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Cental Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v .Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

### 2. *Plaintiff's failure to exhaust administrative remedies*

It is undisputed that Plaintiff did not properly exhaust his administrative remedies. While the events Plaintiff complains of occurred in June 2014, Plaintiff alleges—and the record supports—that he did not file a grievance until February 28, 2015. Compl. at ¶ 10; Dkt. No. 18-4,

---

[1] Exhaustion of administrative remedies is an affirmative defense which must be raised by the defendant. *See Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999).

Decl. of Matthew Braden, dated Sept. 18, 2015, Exs. at p. 2.[2] An inmate must file a grievance within twenty-one days of the alleged occurrence, N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(a), or may request an extension of that time limit within forty-five days of the alleged occurrence, *id.* at § 701.6(g). Here, Plaintiff's grievance was filed approximately eight months after the alleged occurrence. The grievance was denied as untimely by the the IGRC on April 6, 2015, and by the Superintendent on April 20, 2015.[3] Braden Decl., Exs. at pp. 12 & 21. Additionally, there is no record of Plaintiff having appealed this grievance to CORC. Dkt. No. 18-1, Decl. of Jeffrey Hale, dated Sept. 21, 2015, at ¶ 15. Therefore, Plaintiff did not properly exhaust his administrative remedies as required by the PLRA.

   *3. Whether Plaintiff's failure to exhaust administrative remedies may be excused*

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 2016 WL 3128839, at *7. As the Supreme Court recently stated, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court stated three potential circumstances where administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a

---

[2] Citation is to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

[3] It appears, and Plaintiff claims, that he initially sent his grievance to the wrong place. *See* Pl.'s Resp. at p. 6; Braden Decl., Exs. at p. 10. However, Plaintiff's grievance was untimely even if the date when he claims to have attempted to file the grievance, February 28, 2015, is credited.

grievance process through machination, misrepresentation, or intimidation." *Id.* at *7-8.[4]

In his Complaint, Plaintiff acknowledged that he had not exhausted his administrative remedies, but requested that the Court grant him permission to proceed without exhaustion on account of "systematic violations" by Coxsackie staff in delaying grievances. Compl. at ¶ 10. As evidence of systematic delays, Plaintiff cites several grievances filed by other inmates, which he notes were not stamped as received until as long as a week and a half after they were dated. *Id.* In the first instance, this evidence is insufficient to establish a pattern of systematic delays in the processing of grievances at Coxsackie. However, even if Plaintiff had established a pattern of systematic delays in the processing of grievances, such delays would not account for the eight month gap between when Plaintiff filed his grievance and when the alleged conduct occurred. Plaintiff's claim that grievances were subject to delays once they were filed does not account for Plaintiff's delay in filing the grievance. Thus, Plaintiff's allegation of systematic delays does not establish that administrative remedies were unavailable to Plaintiff.

Plaintiff also claims that his failure to exhaust should be excused because he mistakenly sent his grievance to the wrong place and he was unable to file a grievance while he was hospitalized from June 5 to June 25, 2014. Pl.'s Resp. at pp. 6 & 8. These do not constitute circumstances rendering administrative remedies unavailable. *See Ross v. Blake*, 2016 WL 3128839, at *7 (defining "available" as "capable of use for the accomplishment of a purpose, and that which is

---

[4] The Second Circuit previously set forth a three-part inquiry for when a failure to exhaust may be excused: "(1) administrative remedies are not available to the prisoner; (2) defendants have either wived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). The Second Circuit has stated that "*Ross* largely supplants our *Hemphill* inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate." *Williams v. Corr. Officer Priatno*, __ F.3d __, 2016 WL 3729383, at *4 (2d Cir. July 12, 2016). The Court therefore will analyze whether administrative remedies were available to Plaintiff.

accessible or may be obtained" (internal quotation marks omitted)). Regardless, Plaintiff's claims are entirely insufficient to justify his failure to file his grievance until February 2015. First, as to his claim that he sent his grievance to the wrong place, Plaintiff makes no allegations suggesting that any delay resulting therefrom caused his grievance to be untimely. Indeed, even if the Court assumes that Plaintiff's grievance was filed on the date he claims to have attempted to file it, February 28, 2015, it would still be untimely. Second, Plaintiff's claim that he was unable to file a grievance while hospitalized in no way accounts for his delay in filing the grievance after his release from the hospital on June 25, 2014.

Thus, Plaintiff has raised no issue of material fact as to the availability of administrative remedies. He has not shown that the administrative procedures operated as a "dead end," were so "opaque" that they were incapable of use, or that prison staff prevented him from filing a grievance. *Ross v. Blake*, 2016 WL 3128839, at \*7-8. Rather, Plaintiff, without explanation, waited eight months from the date of the alleged occurrence before filing a grievance. Accordingly, Defendants' Motion for Summary Judgment based on Plaintiff's failure to exhaust should be **granted**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 18) be **GRANTED** and this action **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 3, 2016
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge